

[ORIGINAL]

Priority __
Send ✓
Clsd ___
Enter ___
JS-5/JS-6 ___
JS-2/JS-3 ___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

HAROLD TODD HIX,                    )    No. CV 06-7656-GHK(RZx)
                                    )
              Plaintiff[s],         )
                                    )    ORDER RE: CASE MANAGEMENT
    vs.                             )
                                    )    **(REVISED AS OF NOVEMBER, 2006)**
CITY OF LOS ANGELES, et al.,        )
                                    )    **READ IMMEDIATELY**
              Defendant[s].         )
                                    )
_____)

    This case has been assigned to the calendar of Judge George H. King. The court fully adheres to Rule 1 of the Federal Rules of Civil Procedure, which requires that the Rules be "construed to secure the just, speedy and inexpensive determination of every action."

    Counsel shall also be guided by the following special requirements:

    1.  Plaintiff shall promptly serve the complaint in accordance with Fed. R. Civ. P. 4 and file proofs of service pursuant to Local Rule 5.8.

    2.  The attorney attending any proceeding before this court must be the attorney who is primarily responsible for the conduct of the case.

    3.  **COURTESY COPIES: A courtesy copy of all papers filed with the court shall be delivered to chambers at Room 660, Roybal Federal**

1  **Building, on the day of filing.   Papers filed without a courtesy copy**

2  **delivered to chambers WILL BE REJECTED AND WILL NOT BE CONSIDERED.**

3      4.   MOTIONS:

4         (a)   Motions shall be filed and set for hearing in accordance

5  with Local Rule 7-2, et seq. (formerly Local Rule 7).   Motions shall be

6  set on Mondays at 9:30 a.m. unless otherwise ordered by the court.   If

7  a Monday is a court holiday, no  motions shall be set on the succeeding

8  Tuesday.   Any motions noticed for a holiday shall automatically be

9  continued to the next Monday.

10        Counsel should take special note of the recent changes to

11  the Local Rules which affect motion practice in this court.   Among other

12  things, counsel should be aware that Local Rule 7-3 (formerly Local Rule

13  7.4.1) requires that counsel engage in a pre-filing conference "to

14  discuss thoroughly . . . the substance of the contemplated motion and

15  any potential resolution."   The court expects counsel to discharge their

16  obligation under Local Rule 7-3 in good faith.   Even if a motion is

17  still necessary after a good faith pre-filing conference, counsel should

18  have sufficiently discussed the issues so that the briefing will be

19  directed to those substantive issues which require resolution by the

20  court.   Minor procedural or other non-substantive matters should be

21  resolved by counsel during the course of the conference.

22        Counsel should also take note that Local Rule 11-6

23  (formerly Local Rule 3.10) limits all memoranda of points and

24  authorities to "25 pages in length, excluding indices and exhibits,

25  unless permitted by order of the judge."   The court is of the view that

26  the 25-page limitation is more than adequate for counsel to set forth

27  his/her points and authorities, especially if counsel carefully reviews

28  and edits the memorandum to ensure a concise and focused presentation.

1   Accordingly, routine requests to exceed the page limitation will be

2   **DENIED**.   Leave to exceed the page limitation will be granted only in

3   extraordinary circumstances where counsel makes an adequate showing of

4   specific facts in support of an application to exceed the page

5   limitation.

6         (b)   Unless clearly justified under the circumstances of the

7   case, "motions to dismiss or in the alternative for summary

8   adjudication" are discouraged.   These composite motions tend to blur the

9   legitimate distinction[s] between the two motions, which have different

10  purposes.   Frequently, the composite motions introduce evidence that is

11  extrinsic to the pleadings.   On the one hand, such evidence is improper

12  for consideration on a Fed. R. Civ. P. 12(b)(6) motion, while on the

13  other hand, treatment of the motion as a Rule 56 motion frequently

14  results in reasonable invocation of Rule 56(f) by the non-moving party.

15        (c)   Moreover, Rule 12(b)(6) motions are discouraged unless

16  counsel has a good faith belief that such motion will likely result in

17  dismissal, without leave to amend, of all or at least some of the claims

18  under applicable law.

19        (d) No party may file more than one motion pursuant to Fed. R.

20  Civ. P. 56 regardless of whether such motion is denominated as a motion

21  for summary judgment or summary adjudication.

22        (e)   Generally, the court will rule on motions on the papers

23  submitted, and without oral argument.   Accordingly, counsel are advised

24  to place all authorities and arguments in their moving or opposing

25  papers.   Counsel are reminded that the reply shall be limited to

26  argument and/or authorities responsive to the opposition papers.   Any

27  improper introduction of new matter in the reply will be ignored by the

28  court.

1    5.    DISCOVERY:    ALL DISCOVERY MATTERS ARE REFERRED TO A UNITED

2  STATES MAGISTRATE JUDGE (see initials in parentheses following the case

3  number).   Discovery disputes of a significant nature should be brought

4  promptly before the Magistrate Judge.   The court does not look favorably

5  upon delay resulting from unnecessarily unresolved discovery disputes.

6  Counsel are directed to contact the clerk for the assigned Magistrate

7  Judge to schedule matters for hearing.   The words <u>DISCOVERY MATTER</u> shall

8  appear in the caption of all documents relating to discovery to ensure

9  proper routing.

10    The decision of the Magistrate Judge shall be final and binding,

11  subject to modification by the District Judge only where it has been

12  shown that the Magistrate Judge's order is clearly erroneous, contrary

13  to law, or an abuse of discretion.

14    6. EX PARTE APPLICATIONS:  Ex Parte Applications are considered on

15  the papers and are not normally set for hearing.   Counsel are advised to

16  file and serve their ex parte applications as soon as they realize that

17  extraordinary relief is necessary.    This court entertains ex parte

18  applications only in extraordinary circumstances -- sanctions may be

19  imposed for misuse of ex parte applications.  <u>See In Re: Intermagnetics</u>

20  <u>America, Inc.</u>, 101 Bankr. 191 (C.D. Cal. 1989).   The requesting party

21  shall serve the application by personal delivery or fax, and notify the

22  responding party that opposing papers must be filed within 24 hours of

23  such service.   Moreover, at the time of the application, the applicant

24  shall comply with Local Rule 7-19.1 (formerly Local Rule 7.18.1), which

25  <u>inter alia</u>, requires the applicant to advise the court in writing of the

26  efforts to contact opposing counsel and of that counsel's intention to

27  oppose the application.  The moving party's declaration in support of an

28  ex parte application shall affirmatively show compliance with Local Rule

4

1 │ 7-19 (formerly Local Rule 7.18) and this Order, failing which the

2 │ application shall be DENIED.

3 │     7.  TRIAL PREPARATION:  This court strives to set trial dates as

4 │ early as possible and does not approve of unnecessarily protracted

5 │ discovery.

6 │     8.  CONTINUANCES:  Continuances are granted only upon a showing of

7 │ good cause.  Counsel requesting a continuance MUST submit a DETAILED

8 │ declaration setting forth the reason therefor.  Any continuances

9 │ requested but not accompanied by said declaration will be rejected.  The

10 │ court sets FIRM trial dates and will not change them without a showing

11 │ of good cause.  FIRM trial dates are defined as dates on which counsel

12 │ must be ready to proceed; however, the court may trail the action on 48

13 │ hours call when necessary (e.g. in the event that a criminal case, an

14 │ older civil case, or a case otherwise entitled to precedence by law,

15 │ proceeds to trial on said date, or the court is otherwise occupied with

16 │ other matters).

17 │     9.  STIPULATIONS:  NO stipulations extending scheduling dates set

18 │ by this court are effective unless approved by the court.  All

19 │ stipulations must be accompanied by a DETAILED declaration explaining

20 │ the reason for the stipulation.  Any stipulation not in compliance with

21 │ this Order or the Local Rules of the Central District will be rejected.

22 │ Stipulations shall be submitted well in advance of the relief requested.

23 │ Counsel wishing to know whether or not a stipulation has been approved

24 │ shall comply with Local Rule 11-4.5 (formerly Local Rule 3.5.5).

25 │     10.  NOTICE OF REMOVAL:  All documents filed in state court,

26 │ including answers and documents appended to a complaint, MUST be refiled

27 │ in this court as a supplement or exhibit to the Notice of Removal.  If

28 │ an answer has not as yet been filed, said answer or responsive pleading

1  shall be filed in accordance with the Federal Rules of Civil Procedure

2  and the Local Rules of the Central District.  Any pending motions must

3  be re-noticed in accordance with Local Rule 7-2, et seq.

4       11.  BANKRUPTCY APPEALS:  Counsel shall comply with the ORDER RE

5  PROCEDURE TO BE FOLLOWED IN APPEAL FROM BANKRUPTCY COURT issued at the

6  time the appeal is filed in the District Court.  The matter is

7  considered submitted upon the filing of the appellant's reply brief.  No

8  oral argument is held unless otherwise ordered by this court.

9       12.  EARLY MEETING OF COUNSEL: [Deleted in light of the Amendments

10 to the Federal Rules of Civil Procedure effective December 1, 2000.  See

11 separate Order Setting Scheduling Conference.]

12      13.  PREPARATION FOR STATUS CONFERENCE: [Deleted in light of the

13 Amendments to the Federal Rules of Civil Procedure effective December 1,

14 2000.  See separate Order Setting Scheduling Conference.]

15      14.  NOTICE:  Counsel for plaintiff, or plaintiff if appearing on

16 his or her own behalf, in an action commenced in this court, and counsel

17 for defendant or defendant in pro per in a removed action, shall serve

18 a copy of this Order on all other parties or their counsel at the

19 earliest possible time.  Counsel, or any party required to give notice

20 of this Order, shall file proof of service of such notice within 48

21 hours of the service of such notice.

22      IT IS SO ORDERED.

23      DATED:  This ___ day of December, 2006.

24

25

                                    _____
26                                  GEORGE H. KING
                                    United States District Judge
27

28